IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIO AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-1059-RAH |
| ) | |
| AMERICAN BUILDING ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On December 6, 2021, the Magistrate Judge recommended the Motion for Summary Judgment (Doc. 43) filed by Defendant American Building Company be granted. On December 15, 2021, Plaintiff Mario Austin filed Objections (Doc. 61) to the Recommendation of the Magistrate Judge (Doc. 60). Specifically, the Plaintiff objects to the Magistrate Judge's determination that he failed to exhaust his administrative remedies with respect to his claims of retaliation, color, and national origin. (Doc. 61.) He asserts that, although he failed to mark the "retaliation," "color," and "national origin" boxes available to him on the EEOC charge form, he meant to do so. (*Id.*) The Court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

As noted by the Magistrate Judge, to exhaust administrative remedies, a plaintiff must check the appropriate box and include allegations necessary to support a claim in an EEOC charge. (*See* Doc. 43, at 18 n.3 (citing *Ramon v. AT&T Broadband*, 195 F. App'x 860, 865-66 (11th Cir. 2006) (affirming summary judgment on plaintiff's retaliation claim because she did not check the "retaliation" box on her EEOC charge and failed to include allegations necessary to support a retaliation claim); *Reeves v. Columbus Consol. Gov't*, No. 4:21-CV-80, 2021 WL 5451146, at *3 n.2 (M.D. Ga. Nov. 22, 2021) (holding plaintiff's color discrimination claim was barred because her EEOC charge alleged only race discrimination and stating, "[A] claim [of color discrimination] requires more— allegations that skin pigmentation or tone characteristics motivated the [unlawful conduct] apart from race. There are no allegations anywhere in the charge relating to differences in skin color except for those that use skin color to describe race.[] When read in context, the entire charge does not put the EEOC or Defendant on reasonable notice that [plaintiff] intended to assert a color discrimination charge …. To hold otherwise under the circumstances presented here, would mean that race and color discrimination are synonymous under Title VII, which they are not."); *Saenz v. Wilkie*, No. 2:18-CV-1363, 2019 WL 3997077, at *5 (N.D. Ala. Aug. 23, 2019) ("[B]ecause [plaintiff's] EEOC complaint did not allege 'national origin' as a basis for discrimination, or otherwise allege facts concerning national origin, this claim is

not 'within the scope of the EEOC investigation which can reasonably be expected to grow out of the initial charges of discrimination.'") (citation omitted); *Francois v. Miami-Dade Cnty.*, 742 F. Supp. 2d 1350, 1353 (S.D. Fla. 2010) (holding plaintiff's national origin claim was barred because he failed to check the "national origin" box and his factual allegations in his charge did not assert national origin discrimination), *aff'd*, 432 F. App'x 819 (11th Cir. 2011)).

Upon this Court's review and consideration of the arguments set forth in the Objections, the Court agrees with the Magistrate Judge's findings and analysis. Accordingly, it is

ORDERED as follows:

1. The Objections (Doc. 61) are OVERRULED.

2. The Recommendation (Doc. 60) is ADOPTED.

3. The Motion for Summary Judgment (Doc. 43) is GRANTED in favor of the Defendant.

4. This case be DISMISSED.

DONE, on this the 11th day of March, 2022.

                                              /s/ R. Austin Huffaker, Jr.
                                         R. AUSTIN HUFFAKER, JR.
                                         UNITED STATES DISTRICT JUDGE